WILLIAM H. PARSONS, PLAINTIFF, *v.* GEORGE R. RHODES, JR., DEFENDANT.

*Trust for the benefit of creditors—when a release by the creditors who join in the deed is valid—direction as to the time within which the trustees must sell—when the property does not revert to the grantors on their failure to sell within that time—duty of trustees as to selling at inventoried values.*

One William D. Parsons died, leaving a last will and testament, by which he devised his real estate to his two sons, William H. and Julius D. Parsons,

who thereafter, and prior to the execution of the deed hereinafter referred to, entered into possession and enjoyment of the lands devised to them. The personal estate of the decedent being insufficient to fully satisfy his debts, the creditors of the estate demanded from his devisees payment of their debts, whereupon the said sons, as parties of the first part, the creditors of the estate, together with the individual creditors of the sons, as parties of the second part, and three trustees, as parties of the third part, executed, under their hands and seals, an instrument whereby the parties of the first part conveyed the land so devised to them, to the trustees, to sell the same, in such lots and on such terms as to them might seem best for the interest of all parties, "provided always, that the same be sold within eighteen months from the date hereof," and to apply the proceeds to the payment of the debts as therein provided, and to pay over any balance arising from the sale of the lands devised to Julius D. Parsons, to his assignee, and any balance arising from the sale of the lands devised to William H. Parsons, to him. By the same instrument the creditors released the parties of the first part from all claims and demands whatever.

*Held,* that the release was founded upon a sufficient consideration, and operated to discharge the debts and extinguish the liens of those creditors who joined in the execution of the deed.

That the provision requiring the trustees to sell within eighteen months, was a mere direction to them as to the time within which they should discharge that duty, and did not constitute a condition, and that their failure or neglect to sell within that time did not cause the property to revert to the grantors.

At the end of the description of each piece of property was a statement as to its value. *Held,* that the trustees were not bound to sell the property at that value.

CONTROVERSY submitted upon admitted facts, under section 1279 of the Code of Civil Procedure.

The plaintiff, William H. Parsons, and one Julius D. Parsons, are sons and sole devisees of William D. Parsons, deceased, and are also the sole executors of his will, which was duly admitted to probate on July 17, 1875. As such devisees they entered into the possession and full enjoyment of the lands so devised to them. The personal estate of the decedent was insufficient to fully satisfy his debts. The creditors of the estate, and others, to whom William H. Parsons and Julius D. Parsons were jointly, and still others to whom they were severally liable, entered into the following agreement, to which all of the individual creditors of the plaintiff, William H. Parsons, were parties. The two Parsons and their wives, as parties of the first part, conveyed to three trustees,

as parties of the third part, all the land devised to them by their father, " upon trust to sell the several pieces or parcels of land at such times, and in such lots, and on such terms as to them may seem best for the interests of all parties ; provided always that the same be sold within eighteen months from the date hereof, and that the homestead occupied by the said W. H. Parsons, with fifty acres of adjoining land, be the last real estate sold, and possession thereof shall not be given within one year from the date hereof." Upon the further trust to pay out of the proceeds of the sale the costs and charges thereof, and of the trust, and secure a part of the residue of the proceeds arising from the sale of the lots devised to Julius D. Parsons, to pay certain creditors as therein provided, and turn over the balance to his assignee ; and out of the proceeds arising from the sale of the lots devised to William H. Parsons, to pay certain creditors as therein provided and turn over the balance to him. At the end of the description of each piece of property was a statement as to its value.

The creditors, for and in consideration of the premises and of one dollar to each of them in hand paid, released and discharged the parties of the first part from all causes of action, claims and demands whatever. The trustees having failed to sell the land within the eighteen months, the plaintiff claiming that the lands conveyed by him thereby reverted to him, freed and discharged from all claims and liens on the part of his creditors, agreed to convey the same to the defendant, who subsequently refused to fulfill the agreement, on the ground that the plaintiff had no title to the land.

*H. B. Kinghorn*, for the plaintiff.

*Wm. P. Rhodes*, for the defendant.

GILBERT, J. :

We are of opinion that the release in question was founded upon a sufficient consideration, and that its legal effect was to discharge the debts, and to extinguish the liens of the judgments referred to in the case submitted.

The trust created by the indenture, dated August 22, 1877, was

valid, and vested the legal estate in the lands conveyed thereby in the trustees therein named.

The beneficiaries under the trust acquired only a right in equity to have the same enforced for their benefit, but such right will continue until the trust shall have been fully performed.

The claim of the plaintiff that the lands in controversy have reverted to him, by reason of a breach of a condition subsequent, namely, that the lands conveyed to the trustees should be sold within eighteen months from the date of the conveyance, cannot, we think, be sustained.

It is true, that a breach of such a condition gives a right of entry to the grantor, and that the possession of the plaintiff would dispense with an action by him to enforce such right. But we think the language of the conveyance, taken as a whole, does not import a condition.

The operative parts thereof are in terms absolute, whereby the lands described therein are conveyed to the trustees, to hold the same and every part thereof, unto them and the survivors and survivor of them, and his heirs forever, upon trust, to sell the lands conveyed at such times and in such lots and on such terms as to them may seem best for the interests of all parties, provided always, that the same be sold within eighteen months, &c.

In construing a deed, we are required to give effect to the intention of the parties to it. We think it quite apparent, that the clause which provides for a sale within eighteen months, was intended as a limitation only of the discretion of the trustees, as to the time of sale. One of the trusts was, to pay to the plaintiff any surplus which might arise from a sale of a specified part of the lands conveyed. His interests, therefore, might conflict with those of the other *cestuis que trust*, in respect to the time of selling that part of said lands, and it was proper for the protection of all parties that the trustees should not be vested with an unlimited discretion, respecting the time within which the trust should be performed.

The clause referred to, therefore, had no other effect than a direction to the trustees, as to the time within which they should perform the trust.

Before the expiration of eighteen months, the time of selling

rested in their discretion. After the expiration of that period, either of the *cestuis que trust* were at liberty to seek a compulsory performance of the trust. But the trust itself does not cease in consequence of the failure of the trustees to fulfill such a direction. (*Wild* v. *Bergen*, 16 Hun, 128.)

The trustees were not bound to sell the property at the estimated value thereof, stated in the trust deed.

If the views expressed are correct, the defendant should not be compelled to take title, and judgment should be entered in his favor, with costs.

Present—BARNARD, P. J., GILBERT and DYKMAN, JJ.

Judgment for defendant upon submitted case, with costs.